### PHILLIPS *vs.* HULSIZER.

1. If a deed or transfer absolute on its face is made only as security for a loan or antecedent debt, it will be considered a mortgage, and the fact that it was so made may be shown by parol.

2. In determining whether a transaction is a contract for repurchase or a mortgage, the fact that there is no continuing debt is a strong circumstance, where there is any doubt, to show that it is a contract for repurchase. If the proof establishes that the consideration money was a loan, and the party receiving it is personally liable for its repayment, that constitutes it a debt; it does not require a writing to make it such; nor is it extinguished by or merged in a mortgage taken for its security.

3. P. having a written contract with H. to plant peach trees on land of the latter on shares, assigned his interest therein to H. to secure a loan made to him by H., who refused to receive the debt after the time for the payment expired, and claimed the property and sold the fruit. On a bill by P. to redeem and for an account, it was referred to a master to take an account of what was due to H. for principal and interest, and

of the rents and profits received by him, he to be charged only with what he had actually received, unless he had been guilty of laches or fraud in managing the property; if he made a sale in the beginning of a season, in good faith, without fraud, he was chargeable only with what he received, notwithstanding it should appear that, as the crop turned out, considerable more might have been made by a different course. H. was also to be allowed actual expenses incurred in good faith in the management and taking care of the property, and compensation for his labor, if he gave his own time to the cultivation, gathering, and sale of the crop.

4. The general rule is, that on a bill by a mortgagor to redeem, the mortgagor must pay the costs.

5. When the conduct of the mortgagee has been unfair or oppressive, he may be charged with the costs; but the mere fact that he refused to accept the debt under an error as to his rights, will not make him liable, and particularly when the mortgagor had failed to pay the debt when due, and had put the mortgagee to expense and inconvenience.

This cause was argued on final hearing, upon bill, answer, replication, and proofs.

*Mr. G. A. Allen,* for complainant.

*Mr. Van Fleet,* (with whom was *Mr. Bird,*) for defendant.

The controlling question of this case is, was the transaction between the parties a conditional sale or a mortgage?

The leading incidents of a sale are: 1. Necessitous condition of the grantor or vendor. 2. Lapse of a long time before a claim to redeem is made. 3. Absence of an agreement to repay purchase money. 4. Consideration paid being near the cash value of the property.

The leading incidents of a mortgage are: 1. The relation of debtor and creditor. 2. Vendor retaining possession of the property. 3. Great excess of value over the consideration paid. 1 *Hilliard on Mort.* 96, ¶ 3.

If the contract was a conditional sale, the complainant is entitled to no relief. In conditional sales, the time limited for repurchase must be precisely observed, or the vendor's right to reclaim the property will be lost. 4 *Kent's Com.*

148; *Longuet* v. *Scawen*, 1 *Ves.* 405; *Powell on Mort.* 138, note *t; Davis* v. *Thomas*, 1 *Russ. & Myl.* 506.

Do the incidents of this transaction show it was a conditional sale, or a mortgage?

The vendor was in necessitous circumstances. His property had been sold by the sheriff just before the sale of this property to the defendant, and it had been selected by him as part of the $200 exempt from sale under execution.

A long time elapsed before any claim to redeem was made. The time limited for the repurchase was April 1st, 1864. The defendant informed the complainant, in May, 1864, that as the complainant had failed to repurchase within the time limited, he had lost all right to the property.

The subject of the sale was a peach orchard, in the second year of its growth. In order to preserve the health of the trees, they required constant labor and attention. After the defendant gave the complainant notice that he had lost the right to repurchase, the complainant abandoned the orchard and neglected to perform any of the terms of the contract under which the trees had been planted. He made a claim to redeem May 29th, 1865. At this time there was some prospect of a crop, but the crop failed. There was none in 1866. There was a fine crop in 1867; and, after it became certain that there would be a good crop, the complainant filed the bill in this case. He was speculating upon the chances, intending to claim that the transaction was a mortgage, if the orchard proved productive; and, if it proved worthless, and the complainant sought to recover the money paid, he intended to claim that it was a sale.

If the defendant had left the orchard in the condition in which it was when the complainant abandoned it, it would never have been worth a dollar to anybody. All it is, it has been made by the defendant's labor and skill. The complainant, since May, 1864, has never raised his hand nor expended a farthing to preserve it from destruction. By the terms of the contract under which the orchard was planted, the complainant was to do all the work, and find all the fer-

tilizers applied to it. The complainant's conduct, quite as strongly as the lapse of time, shows that he understood that the transaction was a sale.

The relation of creditor and debtor did not exist between the parties. Had the defendant preferred to recover the money, and not to hold the orchard, he could not have maintained an action for it. The absence of this relation between the parties is generally esteemed decisive as to the character of the transaction.

It is a necessary ingredient of a mortgage that the mortgagee shall have a remedy against the person of the debtor. *Conway's Ex'rs* v. *Alexander,* 7 *Cranch* 218; *Flagg* v. *Mann,* 14 *Pick.* 478.

The fact that there is no contract for the repayment of the purchase money and interest, which is binding upon the person making the conveyance, so as to make his general right to redeem as a mortgagor, and the corresponding right of the grantee to recover his money instead of keeping the land, mutual and reciprocal, is a strong circumstance in favor of construing the contract to be a conditional sale, and not a mortgage. *Holmes* v. *Grant,* 8 *Paige* 257; *Glover* v. *Payn,* 19 *Wend.* 518; *Goodman* v. *Grierson,* 2 *Ball & Beat.* 274; *Henry* v. *Bell,* 5 *Vt.* 393.

The price paid was the full cash value of the orchard. The sum paid by the defendant to the complainant was $100. The complainant's interest in this orchard was appraised, just before the sale by the complainant to the defendant, by appraisers appointed by the sheriff, at $60. The defendant expected the complainant's interest in the orchard would be sold by the sheriff. He sent a person to the sale to purchase it for him. He directed him to pay $100 for it, and if it was likely to be sold to a person who would give him trouble, to pay $10 more. The evidence of the complainant as to the value of the orchard, is simply opinion, and confined to to the year 1868, when the peach business was much more prosperous than it was 1863, when this sale was made.

There is a fact, independent of these incidents, which is

decisive as to the character of this transaction. When this sale was made the complainant first applied to the defendant for a loan of $25, offering to transfer his interest in the orchard as security for the loan. The defendant refused to make the loan, but proposed to buy, and the $100 was paid at the conclusion of the negotiation for purchase. The defendant did not understand the transaction to be a loan, for he distinctly refused to lend; the complainant could not have understood it to a be a loan, for the defendant had expressly refused the security for a loan of one fourth the sum paid.

If the transaction is held to be a mortgage, the complainant must pay all costs of both parties of the proceedings thus far, and also of the proceedings under a decree to account. *Slee* v. *Manhattan Co.*, 1 *Paige* 81; *Shuttleworth* v. *Lowther*, 7 *Ves.* 587; *Harvey* v. *Tebbutt*, 1 *Jac. & W.* 197.

THE CHANCELLOR.

The bill in this case is filed for the redemption and reconveyance of one half of a peach orchard planted by complainant on the land of defendant, under a written agreement that each should have one half of the proceeds; and also for an account. In July, 1863, the complainant, by an endorsement on the agreement, and for the consideration of $100, assigned his interest in the agreement to the defendant, who at the same time signed and delivered to the complainant a writing, stating that such assignment was upon the condition that the complainant might, on the 1st day of April, 1864, pay the $100 and interest from date, and "then it is agreed by the parties, that the said Hulsizer, by receiving such payment, shall again return the said agreement so assigned by said C. T. Phillips to J. C. Hulsizer, to the said Phillips."

Phillips did not pay the money on the day set for the purpose, but tendered $112, as the amount due with interest, on the 29th of May, 1865. The defendant refused to accept it, denying that the complainant had any right in the

premises, and claiming that he had forfeited all right by omitting to pay the amount on the day specified.

The question in the case is, whether, under the circumstances, this transaction was a mortgage, or a contract to reconvey on payment of the price stipulated. If it was a mortgage, the complainant is entitled to redeem; and the defendant, who has been in possession and received all the produce of the orchard, must account for it to the complainant.

By the original agreement the complainant was bound to plant the orchard and cultivate it, and to furnish and put upon it every year manure to the value of $25. On the day of the transfer he applied to the defendant for the loan of $25 for that purpose, offering his interest in the orchard as security. The defendant declined to make that loan, but offered to advance him $100 if he would transfer his interest in the orchard to him, and that he would reconvey the same if the money and interest should be repaid on the first of April next. The complainant says that this advance was as a loan, and the transfer was made only as security for its repayment. The defendant says it was advanced as purchase money, and that the paper executed by him was given only for the purpose of giving the complainant the right to repurchase the same, if he should elect so to do, by the 1st day of April, 1864. Each testifies to his own account of the transaction as the truth.

Two of the witnesses of the complainant, Isaac Bogert and Thomas A. Standish, testify, that in conversations had with them severally about this transaction, the defendant stated that he had loaned this $100 to the complainant, and had taken the assignment of the orchard as security for the payment, and that the complainant had forfeited his right by neglecting to pay at the day stipulated.

It is well settled that a transfer absolute on its face may be shown by parol proof, to have been given as a mortgage only. In this case the testimony of the two parties themselves is on equal footing, but the clear positive evidence of

the two witnesses referred to, whose testimony or credibility is not impeached, leaves the decided weight of evidence against the defendant.

Did the case depend on this evidence only, the transfer must be considered a mortgage. If a deed or transfer absolute on its face is made only as security for a loan, or an antecedent debt, it will be considered a mortgage, and the fact that it was so made may be shown by parol. This doctrine has been acknowledged and acted upon by this court in several cases. *Clark* v. *Condit,* 3 *C. E. Green* 358; *De Camp* v. *Crane,* 4 *C. E. Green* 166; *Van Keuren* v. *McLaughlin, Ibid.* 187.

It is also laid down and approved by text writers of authority, as law. 4 *Kent's Com.* 142; 2 *Story's Eq. Jur.,* §§ 1018, 1019.

In this case, the fact that the advance was a loan and the transfer intended as security only, is strongly supported by the circumstances. The amount which had been expended by the complainant upon the peach orchard exceeded $150, besides the time, skill, and labor of himself. The trees were in their second year, and were thrifty and in good condition; so far as could be judged the experiment was a success. The object for which the money was got, at least so far as $25, the amount applied for, was concerned, was to procure manure to put around the trees. It was bought the same day, and put upon the ground that day and the next. The purpose and its execution, were both known to the defendant. It can hardly be conceived that this would be done, if the complainant understood that he had sold the property absolutely, or that the transaction was anything else than security for a loan. The amount really received was, after taking off the sum spent for manure, only $75, or one half of the sum that complainant had expended; and of this, $10 was retained by defendant for the board of complainant and his workmen, while laboring at the trees. The fact that there is no continuing debt, is a strong circumstance, where there is any doubt, to show that a transaction

is a contract for repurchase, and not a mortgage. This was clearly and strongly stated, in the opinion of this court, in *Hogan* v. *Jaques,* 4 *C. E. Green,* 128; *DeCamp* v. *Crane, Ibid.* 171.

But if the evidence of the complainant, and of Bogert and Standish, is believed, the money was a loan, and the complainant was personally liable for its repayment. A loan always constitutes a debt, and it does not require a note, or bond, or covenant to make it such, nor is it extinguished by or merged in a mortgage taken for its security.

But in this case, the papers themselves, in my opinion, constitute a mortgage, and are clearly a mortgage were there no other proof of the object or intention of the parties. Such papers, when executed at one time, and part of the same bargain and transaction, must be construed as if one instrument. Then the transfer is made *on condition,* that if the money and interest is repaid on the first of April, 1864, Hulsizer shall return to Phillips the agreement so assigned by Phillips to Hulsizer. These are in substance the very terms which are most commonly used to convert a deed into a mortgage. Mortgages are generally drawn in precisely the same terms as absolute deeds, with *a condition* that the conveyance shall be void, or that the property shall be reconveyed upon repayment. This defeasance contains that condition, and expressly states that the assignment of the agreement was made upon that condition.

On both grounds, this transfer must be held to be a mortgage only, and the complainant must be allowed to redeem. The defendant having taken possession of the mortgaged property, and taken the rents, issues, and profits, must account for them, and there must be a reference to a master to take an account of what is due to the defendant for principal and interest on the loan of $100, and to take an account of the net profits received by the defendant from the orchard since April 1st, 1864. In this account he must be charged only with the amounts actually received by him, and not what he might have possibly made or received, unless he has

been guilty of laches or fraud in managing the property; and if a sale made, in the beginning of a season, of part of the crop, was made in good faith and without fraud, he will only be chargeable with what he received, although it may appear that by a different course, as the crop turned out in that season, considerable more might have been made out of it. He must be allowed all expenses, actually and in good faith incurred, in managing and taking care of the property, and compensation for his labor, if he gave his own time and labor to the cultivation, gathering, and sale of the crop.

As to costs. A mortgagor on a bill to redeem is obliged to pay the costs; when the conduct of the mortgagee has been unfair or oppressive, he may be made liable. The defendant in this case erred in refusing to accept the money when tendered, and neglecting to reconvey the estate or contract. But he no doubt acted in good faith, supposing that the transaction was not a mortgage, but a mere contract to convey, which had been forfeited. The complainant, on the other hand, was in laches, in not fulfilling his contract and paying the money on the day mentioned in the condition. He had compelled the defendant to take possession of the property, and allowed him to cultivate it at his own expense for more than one year before tender, and had thus made an account necessary, extending much beyond the amount of principal and interest due. On the whole, I do not think that there is sufficient ground to take this case out of the general rule, that the costs must be paid by the mortgagor.